

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO. 95-4-FJP-CN

JULIUS WARNER MARACALIN

### RULING

This matter is before the Court on Petitioner's Motion to Proceed Pro Se.[1]  Julius Maracalin seeks to proceed pro se because he is concerned that the former public defender and two members of the CJA panel represented other defendants in the case.  Maracalin is seeking to have the Court modify his sentence.  A new Public Defender has been appointed in the Middle District of Louisiana.  The Court also has a CJA panel made up of many attorneys other than the two listed in Petitioner's motion.  Even more important, this Court has set up a procedure in General Order 2008-2 for defendants who were sentenced in cases involving cocaine base (crack cocaine) to have their sentences modified.  A copy of these procedures is attached to this opinion as Exhibit 1.  It is not even necessary for a defendant to file a motion to get his sentence modified.  As noted in General Order 2008-2, certain attorneys, who have been thoroughly trained in applying the retroactive standards for

---

[1] Rec. Doc. No. 478.

Doc#45497

obtaining relief under the retroactive provisions of the United States Sentencing Commission Guidelines Manual (USSG), are appointed to represent the defendant and to assist the defendant in reviewing the modified presentence report prepared by the Probation Department in accordance with General Order 2008-2. The Court knows that a defendant has a right to represent himself in a criminal matter. However, because of the complicated nature of the retroactive application of the amended USSG retroactive guideline, the Court will grant the defendant's motion to proceed pro se, but the Court will also appoint Richard M. Upton to serve as advisory counsel for the defendant in these proceedings. By appointing an advisory counsel for the defendant, the Court believes that not only will Maracalin's constitutional rights be fully protected, but the appointments will also be in the interest of justice and judicial economy.

Baton Rouge, Louisiana, October _10_, 2008.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENERAL ORDER

NUMBER: 2008:02

# Cocaine Base - Retroactive Amendment Procedures

Below are the procedures the U.S. District Court for the Middle District of Louisiana will employ to address the issues presented by Amendment #706 to the U.S. Sentencing Guidelines lowering the guideline range for certain categories of offenses involving cocaine base. These procedures pertain to motions or actions filed for reductions of sentence pursuant to 18 USC § 3582(c)(2) or as otherwise determined by the Court.

I. CASES IDENTIFIED

Potentially impacted cases for sentence reduction have been identified by the U.S. Sentencing Commission, Administrative Office of the U.S. Courts and by search of the presentence database of U.S. Probation, Middle Louisiana. The procedure for addressing those cases is set forth in Section II below.

II. CASES IDENTIFIED BY THE U.S. SENTENCING COMMISSION / ADMINISTRATIVE OFFICE / U.S. PROBATION DATABASE

The Court enters its own Motion to Consider Reduction of Sentence at the time this General Order is filed. Notice of Motion will be filed in the record and served on all parties. The probation office is authorized to review all cases in this district identified by the U.S. Sentencing Commission, Administrative Office of the U.S. Courts, or the Middle Louisiana U.S. Probation database, as potentially impacted by the crack cocaine amendment. The Probation Office will make one of the following recommendations:

A. If the probation office concludes the defendant does not qualify for a reduction, it will submit a report to the presiding judge indicating its recommendation. Copies will be sent to all counsel. Counsel shall have twenty (20) days from the date of disclosure to submit objections to the Court. Objections shall be submitted directly to the presiding judge with simultaneous confidential copies to all parties including the probation office. Objections shall be limited to the defendant's eligibility to be considered for a reduction of sentence under the crack cocaine amendment. All other objections will not be considered by the Court.

B. If the probation office concludes the defendant potentially qualifies for a reduction, the probation office will issue a sentencing report to the Court and properly notice the disclosure of that report to defense counsel and the government, in compliance within the time requirements of Rule 45, Federal Rules of Criminal Procedure.

## III. CASES POTENTIALLY IMPACTED BY CRACK COCAINE AMENDMENT

The Court shall have the discretion to apply the crack cocaine amendment retroactively to the sentence. Whether identified by the U.S. Sentencing Commission, Administrative Office of the U.S. Courts or by search of the presentence database of U.S. Probation, Middle Louisiana, the following applies to those cases potentially impacted by the crack cocaine sentencing guideline amendment, including those cases deemed inappropriate for the guideline reduction.

A. The Court refers the matter to the Office of the Federal Public Defender for the purpose of either accepting the appointment to represent these defendants or recommending counsel for appointment from the CJA panel members listed below or other CJA panel members.

1. Mark Upton
2. Rodney Baum
3. John McClendon
4. Stephen Moore
5. Marci Blaize
6. Thomas Damico
7. Joseph Lotwick
8. Fred Crifasi

## IV. MOTIONS BY COUNSEL OR PRO SE

Cases may also be brought before the court on a pro se motion or motion of counsel. When a motion to reduce sentence is filed pro se or by counsel, the clerk's office will docket the motion and will refer the matter to the U.S. Probation and Pretrial Services Office to make a preliminary determination as to whether the case potentially qualifies for a sentencing reduction under the crack cocaine amendment. The probation office will make one of the following recommendations to the presiding judge:

A. If the probation office concludes the defendant does not qualify for a reduction, it will submit a report to the presiding judge indicating its recommendation. Copies will be sent to all counsel. Counsel shall have twenty (20) days from the date of disclosure to submit objections to the Court. Objections shall be submitted directly to the presiding judge with simultaneous confidential copies to all parties including the probation office. Objections shall be limited to the defendant's eligibility to be considered for a reduction of sentence under the crack cocaine amendment. All other objections will not be considered by the Court.

B. If the probation office concludes the defendant potentially qualifies for a reduction, the probation office will issue a sentencing report to the Court and properly notice the disclosure of that report to defense counsel and the government, in compliance within the time requirements of Rule 45, Federal Criminal Rules of Procedure.

V. SCHEDULING ORDER

For those cases identified as potentially impacted by the crack cocaine sentencing amendment, the following scheduling order is issued:

A. THE USPO SENTENCING REPORT: The date by which probation shall provide the USPO Sentencing Report will be determined by the possible release date of each defendant identified as eligible for reduction.

B. SENTENCING MEMORANDUM: The parties may submit sentencing memorandum in support of their position. The memorandum shall be submitted to the Court no later than one week after the date of the USPO Sentencing Report.

C. HEARING REQUESTS: The scheduling order would require counsel to consult regarding whether the matter can be resolved based on the pleadings submitted or whether a hearing is necessary to resolve the issue. Any counsel requesting a hearing shall indicate, in a separately headed section of their sentencing memorandum, the factual and legal basis for the hearing request and, if defendant's presence is requested, the factual and legal basis for that request. No hearings will be granted unless specifically authorized by the presiding judge in the matter.

It is so ordered

Baton Rouge, Louisiana, this 26th day of February, 2008

_____
RALPH E. TYSON, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE

_____
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE

3