UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JULIUS MARACALIN, ET AL

CRIMINAL NO. 95-004-FJP-CN

(CV NO. 08-750-FJP-CN)

**<u>RULING</u>**

This matter is before the Court on the Court's own motion to consider the retroactive application of the amendments to the U.S.S.G. regarding crack cocaine in accordance with the General Order of the Court and defendant's motion filed pursuant to 18 U.S.C. § 3583(c)(2).[1]  A Notice of Disclosure of Retroactive Guideline Application Report was filed by the Probation Office on October 10, 2008.[2]

The Probation Office for the Middle District of Louisiana has recalculated the defendant's offense level after applying the new U.S.S.G. amendments.  The new sentencing range calculated by the Probation Office is as follows:

New Offense Level:  37

Criminal History Category:    I

An Offense Level of 37 with a Criminal History Category I is 210-

---

[1] Rec. Doc. No. 481.

[2] Rec. Doc. No. 480.

Doc#45607

262 months.  Defendant's original Offense Level was an Offense Level 39, and his Criminal History Category I was 262-327 months.

The defendant's opposition to the Probation Officer's new calculation alleges that the Probation Office "is still treating the guidelines as mandatory."[3]  Defendant's argument is without merit.  The Fifth Circuit Court of Appeals has required that even after the Supreme Court's decisions which held that the sentencing guidelines were advisory, the Court must properly calculate the guidelines.  Then the Court may consider the advisory guidelines and the factors set forth in 18 U.S.C. § 3553(a) to determine what a proper sentence should be under the facts of the case.

Considering the facts of this case, the facts set forth in the original presentence investigation report, the factors set forth in 18 U.S.C. § 3553(a), the reasons given by the Court at the original sentencing hearing, and for additional reasons set forth herein, the Court finds the defendant's sentence should remain at 235 months in prison, which is within the new guideline range.  The Court believes a sentence within the advisory guidelines is proper and just under the facts of this case.  The Court must also note that the plea agreement capped the defendant's sentence to 235 months even though the range was 262-327 months.

The defendant has an extensive record, the amount of drugs involved in this case was substantial, it is obvious that the

---

[3] Rec. Doc. No. 483, p. 1.

Doc#45607                                            2

defendant has little or no respect for the law, and there is strong probability that the defendant will continue to commit crimes based on his prior record such that it is important that the Court must protect the public from further crimes committed by the defendant. The Court also finds that the Court needs to signal to other people who wish to engage in drug dealing such as this defendant that a stiff sentence will be imposed. As noted earlier, the plea agreement capped defendant's sentence at 235 months which is well below the original guideline range in this case.

The amount of drugs which this defendant was selling would have a major impact on those users who purchase these drugs which cause them to have serious medical problems which sometimes leads to death, and cause them to commit crimes which have a serious impact on innocent victims whose property is stolen or damaged by the users to get money to buy the drugs. Drug dealing is not a victimless crime.

Defendant also complains that the Court has refused to consider his § 3582(c)(2) motion. The Court has in fact considered it and declared it moot insofar as it seeks to have the Court apply the new crack cocaine guidelines. Insofar as the motion seeks to have the Court consider matters other than the retroactive application of the crack cocaine guidelines, this request should be treated as a motion to vacate, set aside, or modify a sentence under 28 U.S.C. § 2255. Not only is this motion untimely, it is

also a successive motion which requires the defendant to seek permission to file the successive § 2255 motion. The defendant has failed to seek or obtain permission from the Fifth Circuit Court of Appeals. In any event, the term of supervised release and the fine were proper under the facts of this case.

Defendant's request to be immediately released from prison is frivolous and without merit. The defendant cannot be released since he has not completed the sentence imposed. In addition, defendant's conviction has been affirmed, and being a person who is a danger to the community requires that he serve the sentence imposed by the Court in this opinion.

A judgment of commitment shall be prepared in accordance with this opinion.

IT IS SO ORDERED.

Baton Rouge, Louisiana, November 18, 2008.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA